UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CINDY PERRON,

    Plaintiff,

v.                                                Case No. 8:23-cv-2051-WFJ-SPF

MARTIN O'MALLEY,
Commissioner of the Social Security
Administration,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff's complaint seeking judicial review of the Commissioner of the Social Security Administration's ("Commissioner") decision finding Plaintiff not disabled and denying social security disability insurance benefits (Dkt. 1). The magistrate judge issued a report recommending that the decision of the Commissioner be affirmed. Dkt. 17. Plaintiff, through counsel, timely filed objections. Dkt. 18.

When a party makes timely and specific objections to the report and recommendation of the magistrate judge, the district judge shall conduct a *de novo* review of the portions of the record to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). After such independent review, the Court may

accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing published opinion).

Plaintiff objects to the report and recommendation on the grounds that the magistrate judge erred in finding that the administrative law judge ("ALJ") adequately and properly evaluated (1) Plaintiff's symptoms, (2) the medical opinion evidence and treatment notes, and (3) Plaintiff's mental impairments. As to the first objection, Plaintiff claims that in finding non-disability, the ALJ improperly relied on three specific treatment notes to discount Ms. Perron's statements about her symptoms concerning her chronic and radiating lower back pain. Dkt. 18 at 2. As discussed in the magistrate judge's report, the ALJ considered all the medical evidence in determining that Ms. Perron is limited to the sitting, standing, and walking demands commensurate with a sedentary level work. Dkt. 17 at 9–11. The Court agrees with the magistrate judge that the ALJ did not err in evaluating Ms. Perron's subjective complaints in view of the medical evidence. Contrary to the objections, the ALJ relied on substantial evidence to make a "logical bridge" from the evidence to the conclusion. *See* Dkt. 18 at 2–3.

Next, Plaintiff complains that the ALJ incorrectly relied on her inaccurate summary of the treatment notes and medical opinions of Dr. Michael King (treating neurosurgeon) and Lisa Chuanico-Bolle (physical therapist). Specifically,

2

Plaintiff argues that the ALJ rejected Plaintiff's statements concerning pain and multiple opinions from Dr. King supporting a disability finding, and instead, "cherry-picked" facts from Dr. King and PT Chuanico-Bolle's opinions and treatment notes. Dkt. 18 at 3–4. As noted by the magistrate judge, the ALJ reached a decision supported by substantial evidence, taking into consideration the inconsistencies between the opinions and the medical evidence. Dkt. 17 at 17–18.

With respect to the last ground, Plaintiff takes issue with the adequacy of the ALJ's finding regarding the Plaintiff's mental residual functional capacity: "Work is limited to routine and repetitive tasks, performed in a work environment free from fast-paced assembly-line type production requirements." Dkt. 17 at 19. The Court agrees with the magistrate judge that the ALJ adequately accounted for Ms. Perron's moderate limitations in concentrating, persisting, or maintaining pace by limiting the tasks to simple and routine and the work environment to less than "fast-paced." The report further explains that the ALJ noted the moderate limitation was "largely" based on Ms. Perron's testimony as opposed to medical evidence, which shows that several doctors' opinions noted her concentration and frustration tolerance are "adequate" and her mental health treatment was conservative in nature. *Id*. at 22.

Having conducted a *de novo* review of the record, including the transcript of the proceedings before the ALJ regarding each specific objection lodged by

3

Plaintiff, the Court agrees with the thorough and well-reasoned report of the magistrate judge. The ALJ applied the correct legal standard in reaching a decision supported by substantial evidence.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's objections (Dkt. 18) are overruled.

2) The report and recommendation (Dkt. 17) is approved, confirmed, and adopted in all respects and is made a part of this order.

3) The Commissioner's decision denying Social Security disability benefits and supplemental security income payments to Plaintiff is affirmed.

4) The Clerk is directed to enter final judgment in favor of the Commissioner, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Tampa, Florida, on August 27, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record